**In the Matter of the STARR BROTHERS BELL COMPANY, Bankrupt.**

**No. 25527.**

United States District Court, D. Connecticut.

March 24, 1954.

Nelson Harris, New Haven, Conn., for trustee, appellant.

Edward G. Griffin, Regional Agency Counsel, R.F.C., Boston, Mass., for appellee.

SMITH, Chief Judge.

The trustee in bankruptcy of The Starr Brothers Bell Company petitions for review of an order of the Referee dated February 2, 1954, allowing a claim of Reconstruction Finance Corporation as a valid secured claim.

The trustee in his position of a lien creditor claims priority over the Reconstruction Finance Corporation claim on the ground that a mortgage of real property with machinery, equipment and other personal property listed, given to secure an R.F.C. loan to the bankrupt, is invalid as against lien creditors for two reasons, uncertainty as to terms of payment and indefiniteness of description of the personalty mortgaged.

Neither attack appears well grounded. The amount of the loan evidenced by the note secured by the mortgage is correctly stated at $22,500. The terms of repayment, attacked as ambiguous, contained in the note recorded with the mortgage deed and incorporated therein by reference, provided for monthly principal payments of $381.35, balance within five years from date, with additional annual principal payments in the amount, if any, by which 50% of the borrower's net earnings for the preceding fiscal year determined in accordance with good accounting practice, before depreciation, exceeded the aggregate amount required to be applied on the principal of the note during such preceding fiscal year.

It is true that from the face of the instruments recorded the exact additional amounts in dollars and cents payable on principal if favorable income results were achieved by the borrower in each year could not be ascertained.

The method by which any interested party could determine such amounts and the sources of the needed information are clearly indicated, however, and that is all that need reasonably be required with respect to such a contingent payment acceleration provision.

The face amount of the loan is made known exactly. Likewise the interest provisions and minimum principal repayment provisions, with the contingent additional principal payments required readily ascertainable.

The description of the personalty may be somewhat more questionable, since some of the items are described without serial numbers or minutely accurate details of appearance. Since the equipment is such as is found in place in a plant and is not intended to be removed, and since in large part serial numbers are given, as in the case of the electric motors and Atlas Drill Presses, and a sufficient description to identify other items on the premises, we may well hold that the description is sufficient to identify the items for the purpose of the mortgage lien.

The petition for review is denied.

The order disallowing petition of trustee to declare chattel mortgage of Reconstruction Finance Corporation invalid and finding that the claim of Reconstruction Finance Corporation constitutes a valid lien on the proceeds of the sale of property is confirmed.